UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DEANNE S., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-04042-SLD-JEH ) |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Deanne S.'s motion for attorney's fees, ECF No. 23. Deanne requests that the Court award her attorney's fees amounting to $24,076.52 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. Mot. Fees 1, 5. For the following reasons, the motion is DENIED.

## BACKGROUND

Deanne filed this suit on March 12, 2021, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claim for disability insurance benefits. Compl. 1, ECF No. 1. On September 28, 2021, she moved for summary judgment, ECF No. 12, and the Commissioner moved for summary affirmance on December 9, 2021, ECF No. 14. The Court ultimately granted Deanne's motion, denied the Commissioner's motion, reversed the Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Sept. 13, 2022 Order 21, ECF No. 21. Judgment was entered on September 14, 2022. Judgment, ECF No. 22.

1

Deanne filed her motion for attorney's fees on November 29, 2022.  *See* Mot. Fees 1.  The Commissioner filed a response opposing the motion on December 13, 2022.  *See* Resp. 1, ECF No. 25.  On December 23, 2022, Deanne filed a reply.  *See* Reply 1, ECF No. 26.[1]

## DISCUSSION

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees and other reasonable expenses if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

Certainly, Deanne is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review.  *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing

---

[1] The Central District of Illinois generally disallows replies absent leave of Court.  *See* Civil LR 7.1(B)(3).  Although Civil Local Rule 8.1, which is no longer in effect, established certain procedures governing actions against the Commissioner filed prior to December 1, 2022, it ostensibly established no particular rules for EAJA motions.  *See* Civil LR 8.1 (effective Nov. 1, 2021 to Nov. 30, 2022); General Order No. 22-09 (C.D. Ill. Dec. 1, 2022), https://www.ilcd.uscourts.gov/sites/ilcd/files/FILE%20STAMPED%20COPY%20OF%20GENERAL%20ORDER%2022-09.pdf (announcing Civil Local Rule 8.1's rescindment).  Deanne did not seek leave of Court to file her reply, though the Court would have granted it.  *See Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011) ("Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion.").  The Court will consider Deanne's reply in the interest of completeness while reminding the parties to familiarize themselves with the Local Rules of the Central District of Illinois.

suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))). And her request for fees is timely.[2]

Here the debate is primarily whether the government's position was "substantially justified."[3] Fees and other expenses may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *see also Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) ("The [C]ommissioner's position is substantially justified if a reasonable person could conclude that the [administrative law judge's ('ALJ')] opinion and the [C]ommissioner's defense of the opinion had a rational basis in fact and law."); *Day v. Astrue*, No. 07-cv-507-bbc, 2009 WL 3757014, at *3 (W.D. Wis. Nov. 5, 2009) ("Put another way, '[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action.'" (quoting *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994))). "The Commissioner bears the burden of proving

---

[2] Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—i.e., 30 days after the time for appeal has ended."). Here, judgment was entered on September 14, 2022, and Deanne filed her motion for fees on November 29, 2022, 76 days later. As either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), plus the 30-day allowance in accordance with Section 2412(d)(1)(B), Deanne had 90 days from entry of judgment to make an EAJA application. Because her motion falls within this window, the Court finds Deanne's request is timely.

[3] Because the Court finds the government's position was substantially justified, it need not consider the Commissioner's arguments related to the proposed fee amount. *See* Resp. 8–16. Regardless, Deanne did not address those arguments in her reply except to "affirm[] that the itemization of time spent on this matter before the Court is complete and accurate, however responding to [the Commissioner] has again required an additional 2.25 hours." *See* Reply 3.

3

that both h[er] pre-litigation conduct, including the ALJ's decision itself, and h[er] litigation position were substantially justified." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

The Commissioner maintains her position was substantially justified for several reasons, Resp. 1–7, primarily arguing that "the outcome of [Deanne's] case turned on the adequacy of the ALJ's articulation," *id.* at 4. Relying chiefly on *Stein v. Sullivan*, 966 F.2d 317 (7th Cir. 1992), the Commissioner argues that the ALJ's failure to meet the articulation requirement "in no way necessitates" a finding in Deanne's favor because "the level of articulation required is far from precise," Resp. at 4–5 (quoting *Stein*, 966 F.2d at 319–20).

The Court finds the analogy useful. In *Stein*, the Seventh Circuit concluded that the district court "properly rejected" the plaintiff's argument that the ALJ's "failu[re] to abide by a well-settled rule of law . . . requir[ing] . . . [him] to articulate that he considered all the evidence in the case before arriving at a decision" thwarted a substantial justification finding. *Stein*, 996 F.3d at 319–20. Because, the court reasoned, the articulation requirement is "deliberately flexible," reasonable people may disagree as to the appropriateness of the contested action even if the articulation requirement is not met. *Id.* To wit, the Seventh Circuit later explained that "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860.

In replying to the Commissioner, Deanne appears to make an argument like the *Stein* plaintiff's. *See* Reply 2 ("The Agency is required to properly assess the facts of the case, follow its own rules and governing authority, and apply the facts to the law. The failure of the Agency to fulfill its duty on any of these points, by definition, is taking a position that is not substantially

4

justified."). But here, the Court similarly finds that the ALJ's failure to sufficiently address the consistency between Deanne's treating providers' opinions is the sort of articulation error that does not preclude a substantial justification finding. *See, e.g.*, *Richardson v. Kijakazi*, CASE NO. 20-14235-CIV-MAYNARD, 2022 WL 4379597, at *3 (S.D. Fla. Sept. 22, 2022) (concluding that the ALJ's failure to adequately explain "the consistency and supportability factors underpinning her finding" that a medical opinion was unpersuasive "[wa]s not equivalent to [the Commissioner] taking an unreasonable litigation position").

Deanne raises several other arguments. First, she points to the procedural background of her case, *see* Reply 2, observing that "[a]fter the Appeals Council took issue with the ALJ's [first] decision and sent the claim back, the ALJ denied [her] again. With little explanation provided, the Appeals Council refused [her] appeal" a second time, *id.* To the extent she complains of the Appeals Council's brevity, that entity need not provide a fulsome explanation of its decision. *See Damato v. Sullivan*, 945 F.2d 982, 988–89 (7th Cir. 1991) ("[T]he issue of whether to grant or deny review of an ALJ's decision is discretionary as well as unreviewable, and the regulations do not require an explanation for the Appeals Council's action."). And although an ALJ's failure to correct a mistake on remand can establish a lack of substantial justification, *see, e.g.*, *Joseph J. L. v. Comm'r of Soc. Sec.*, Case No. 3:20-CV-621-MAB, 2023 WL 3388552, at *2 (S.D. Ill. May 11, 2023), such circumstances are not present with regard to these remands, *see* Sept. 13, 2022 Order 11 n.6 (explaining that the Appeals Council initially remanded Deanne's case because the ALJ's first decision did not account for the opinion of Deanne's dermatologist).

Second, Deanne argues that Magistrate Judge Jonathan E. Hawley found that the ALJ "blatantly erred" by disregarding medical opinions and substituting her own opinions. *See* Reply

5

3. Although Judge Hawley did comment in his report and recommendation ("R&R") that the ALJ's decision "smack[ed] of . . . playing doctor," R&R 14, ECF No. 17, this district court, in reviewing Judge Hawley's opinion, did not reach the same forceful conclusion.[4] Rather, the Court's concern was almost exclusively the ALJ's failure to address the consistency between Deanne's providers' opinions. *See* Sept. 13 2022 Order 9–20. Although the Court did remark, in passing, that it was "not convinced" the ALJ did not play doctor in her discounting of certain opinions, *see id.* at 20, the specific conclusion that troubled the Court was never mentioned in Deanne's briefing, *see* Mem. Supp. Mot. Summ. J. 17–21, ECF No. 12-1; Pl.'s Obj. 2–6, ECF No. 20. In fact, as the Commissioner points out, Deanne's summary judgment argument "did not reference any opining sources by name, and included only a handful of record citations." Resp. 7. Other courts have found that lacking arguments from the plaintiff constitute a "special circumstance" sufficient to preclude an EAJA award because the court must do the bulk of the legwork on her behalf. *See D.C. v. Kijakazi*, Civil Action No. 21-cv-00380-NYW, 2023 WL 3321380, at *3, 6–7 (D. Colo. May 9, 2023) (finding that special circumstances rendered a fee award unjust where the Commissioner argued that the plaintiff's briefing "contributed little" to the case's outcome (quotation marks omitted)); *cf. Contreras v. Barnhart*, 79 F. App'x 708, 709 (5th Cir. 2003) ("[T]he attorney is not entitled to fees for simply keeping the case alive . . . ."). And, as the Commissioner argues, her motion for summary affirmance primarily argued waiver, Resp. 7; Mem. Supp. Mot. Summ. Affirmance 8, ECF No. 15 (arguing that Deanne's "ambiguous" and "undeveloped" arguments should be waived given her "failed attempt to

---

[4] Relatedly, Deanne appears to argue that, given Judge Hawley's R&R, "it would have been much more reasonable to grant [Deanne's] claim due to the overwhelming evidence, or at a minimum, agreed to a remand," but the Commissioner instead "doubled down" and sought this Court's review. Reply 3. The Court cannot agree that, on these facts, the Commissioner's decision to utilize federal procedural rules prohibits a finding of substantial justification. Indeed, Deanne also objected to portions of Judge Hawley's R&R, *see* Pl.'s Obj. 2–5, ECF No. 20, as is her right, *see* Fed. R. Civ. P. 72(b)(2).

identify the issues sufficiently"), which further frustrates a conclusion that her litigation position was unreasonable or legally untenable.

Finally, Deanne protests that her counsel "knows of no authority supporting that a [p]laintiff's brief must prevail on every point to warrant an EAJA fee." Reply 1. But the Court did not perceive the Commissioner to be making that argument, and in any event, the Seventh Circuit has "held that a district court ought to keep in mind that some of the claimant's attacks on the ALJ's opinion did not hold any water" in determining whether the Commissioner's position as a whole was substantially justified. *Bassett*, 641 F.3d at 860. This factor, although not dispositive, also favors the Commissioner.

In sum, the Court concludes that the Commissioner has met her burden to demonstrate that her pre-litigation conduct and litigation position were substantially justified. The ALJ here "committed the very sort of articulation error that . . . ordinarily does not taint the [C]omissioner's position," *id.*, and the Commissioner's litigation position was not unreasonable, particularly given her arguments before the Court. Most of Deanne's arguments were unsuccessful, and where she found success, the briefing was not particularly determinative of the outcome.

## CONCLUSION

Accordingly, Plaintiff Deanne S.'s motion for attorney's fees, ECF No. 23, is DENIED. Entered this 8th day of June, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE